Per Curiam.

The land mentioned in the condition was sold by the plaintiff, subject to the incumbrance of the mortgage, and under an agreement to be indemnified against it. The amount due on the mortgage must, therefore, have entered into the price, and according ,lo the Spirit, of the contract, was to be paid by the defendant.
The bond and mortgage could not have been considered as separate debts. They were concurrent securities for, the same demand, and the indemnity against one includes an indemnity against both.
We are, therefore, of opinion, that the plaintiff is entitled to recover according to the verdict.(a)
Judgment for the plaintiff.

 Verba intentioni non e contra debent inservire. Parkhurst v. Smith, Willes, 332. The expression, therefore, is secondary in importance to the intent of the parties, which is to be ascertained from the terms of the contract, the subject matter and the situation of the parties, and when ascertained possesses controlling influence. Steph. N. P., 1060, and references. Wilson v. Troup, 2 Cowen, 195. Quackenboss v. Lansing, 6 Johns. R. 49. Marvin v Hone, 2 Cowen, 781. Ball v. Follett, 5 id. 170. Sumner v. Williams, 8 Mass. R. 214. Fowls v. Bigelow, 10 id. 379. Hopkinss. Young, 11 id. 302. Howland v. Leach, 11 Pick. 154. Hollingsworth v. Fry, 4 Dali. 345. Patricks. Grant, 2 Shepley, 233. And this is the rulo of the French Civil Code; B. 3, tit. 3, § 5, art. 1158, 1163, 1164. In construing a contradi,, the court will examine the motives that led to it, and the object intended to be effected by it. Davis v. Barney, 2 Gill & Johns. 382. As, if a person borrow a horse for a time, it will be implied that it was part of the agreement that he should feed it, whilst in his possession. Handford v. Palmer, 2 B. & B. 359. Or, if one give a note for 201. borrowed and received, “ which I promise never, to pay,’.’ he will be liable upon it as a promissory note. Simpson v. Vaughan, 2 Aik. 32. Or if one give a bond for the payment of money, with a condition that it shall be void if the money is not paid, the bond itself is left in full force as a perfect contract. Vernon v. Alsop, T. R. 68 ; 1 Lev. 77, S. C.; 1 Sid. 105; see also Finch’s Law, 52. Stockton v. Turner, 7 J. J. Marsh. 192, Gully v. Gully, 1 Hawks, 20. Ayers v. Wilson, 1 Doug. 384; (though this case goes also upon the general principle that the condition being repugnant to the bond is to be rejected.) See further upon this rule, Com. Dig. Agreement, C. Chitty on Contracts, 74, et seq.; Story on Contracts, 148, et seq.; where a large number of authorities are cited and commented on.